1
2
3
4
5
6
7 **UNITED STATES DISTRICT COURT**
8 **FOR THE EASTERN DISTRICT OF CALIFORNIA**
9

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:13-cr-00238-LJO-SKO |
| Plaintiff, | **ORDER ON DEFENDANT'S MOTIONS IN LIMINE** (Doc. 24) |
| v. | |
| JUAN MANUEL PEREZ, | **(Jury Trial 8-12-2014)** |
| Defendant. | |

### INTRODUCTION

Defendant Juan Manuel Perez ("Perez") is charged in a three-count indictment for 1) possession of an unregistered firearm in violation of 26 U.S.C. § 5845(a); 2) felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); and 3) felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1).  (Doc. 29).  Now pending before the Court are Perez's motions in limine.  (Doc. 24).  Plaintiff the United States of America ("government") filed an opposition.  (Doc. 32).  Having reviewed the parties' submissions, the Court rules on the motions in limine as follows.

### BACKGROUND

On April 23, 2013, Perez's son Manuel Perez ("Manuel") was shot.  Manuel told an officer from the Fresno Police Department that he was shot by unknown men.  Three days later, on April 26, 2013, Manuel's mother and Perez's ex-wife Linda Soliz ("Soliz") informed Fresno police that Manuel told her Perez had shot Manuel during an argument and where to locate Perez.  Fresno police

1

1    interviewed Manuel who stated that his father shot him on April 23, 2013.

2          On April 26, 2013, based on information from Soliz and Manuel, a Fresno police officer went

3    to a residence to arrest Perez.  Perez and a woman were at the residence, and no firearm was in plain

4    sight.  The officer told Perez he was being arrested, handcuffed Perez, and told him the residence

5    would be searched.  The officer questioned Perez about a firearm.  Perez indicated the location of the

6    firearm in the chair where the woman was seated.

7                                        **LEGAL STANDARD**

8          A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it

9    is actually introduced at trial.  *See*, *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984).  "[A] motion in

10   limine is an important tool available to the trial judge to ensure the expeditious and evenhanded

11   management of the trial proceedings."  *Jonasson v. Lutheran Child and Family Services*, 115 F.3d

12   436,440 (7th Cir. 1997).  A motion in limine allows the parties to resolve evidentiary disputes before

13   trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving

14   the trial judge from the formidable task of neutralizing the taint of prejudicial evidence.  *Brodit v.*

15   *Cambra*, 350 F.3d 985, 1004–05 (9th Cir. 2003).

16         Motions in limine that exclude broad categories of evidence are disfavored, and such issues

17   are better dealt with during trial as the admissibility of evidence arises.  *Sperberg v. Goodyear Tire &*

18   *Rubber, Co.*, 519 F.2d 708, 712 (6th Cir. 1975).  Additionally, some evidentiary issues are not

19   accurately and efficiently evaluated by the trial judge in a motion in limine, and it is necessary to defer

20   ruling until during trial when the trial judge can better estimate the impact of the evidence on the jury.

21   *Jonasson*, 115 F.3d at 440.

22                                **PEREZ'S MOTIONS IN LIMINE**

23   **1.      Exclusion of Perez's statements at his arrest**

24         Perez seeks to exclude Perez's statements made at his arrest including his statement as to the

25   location of a firearm.  Perez argues that his statements must be excluded because the arresting officer

26   failed to advise him of his *Miranda* rights.  374 U.S. 436, 444-445 (1996).  The government contends

27   that the public safety exception applies because the officer had "an objectively reasonable need to

28   protect the public of police from any immediate danger" when Perez made the statement.  *New York v.*

1  *Quarles*, 467 U.S. 649 (1984).

2        This motion in limine is DENIED.  The police had information that Perez was in possession

3  of a firearm, that Perez had used a firearm, and were unaware of where the firearm was located.  They

4  had no information that Defendant had disposed of the firearm.  They were lawfully at Defendant's

5  residence, in a confined area.  The danger to the officers was immediate and obvious.  Therefore, the

6  public safety exception applies.  *Id*.

7        **2.     Request for limited voir dire**

8        While this request is not a motion in limine, Perez requests the opportunity to conduct

9  limited voir dire.  The government does not oppose the request if it has a similar opportunity.  The

10 parties submitted proposed voir dire.  (Docs. 31, 33).

11       This non-motion in limine is GRANTED with the following limitation.  The Court conducts

12 comprehensive voir dire and will ask appropriate and extensive questions having reviewed the parties'

13 proposed voir dire.  At the end of the Court's voir dire, if a party believes the Court's questioning to

14 have been incomplete or not sufficiently detailed, or that potential juror answers raise the need for

15 further inquiry, each party shall have no more than fifteen minutes to conduct limited additional voir

16 dire.

17       **3.     Preclusion of evidence not disclosed by government under Rule 16**

18       Perez seeks to preclude the government from introducing "evidence required to be, but

19 which has not been, disclosed under Rule 16."  (Doc. 24 p. 4).  Rule 16 imposes an ongoing duty upon

20 both the government and a defendant to disclose discovery materials.  Fed. R. Crim. P. 16(c).  The

21 government states that it has complied with Rule 16 to date.  Moreover, Rule 16 "triggers that

22 government's disclosure obligation only with respect to documents within the federal government's

23 actual possession, custody or control."  *U.S. v. Gatto*, 763 F.2d 1040, 1048 (9th Cir. 1985).

24       This motion in limine is DENIED WITHOUT PREJUDICE for absence of factual specificity

25 as to the government's alleged non-compliance with Rule 16.  Perez fails to provide any guidance as to

26 what documents the government may have in its possession, custody, or control that it has failed to

27 disclose in violation of Rule 16.

28

**4.      Preclusion of Perez's prior felony convictions**

Perez seeks to exclude evidence of his prior felony convictions under Fed. R. Evid. 609. Perez has been convicted of five prior felonies: possession of heroin; resisting an officer through force or fear; possession of a slungshot; and two convictions for assaults with deadly weapons (knife). Perez argues that the factors outlined by the Ninth Circuit in *U.S. v. Cook* weigh in favor of excluding Perez's prior felonies, and the government argues that the *Cook* factors weigh in favor of their admission. 608 F.2d 1175, 1185 (9th Cir. 1979).

This motion in limine is GRANTED in part and DENIED in part as follows. None of Perez's prior felony convictions was for a crime of moral turpitude. While the government may reference Perez's having been convicted of five felonies and argue why the jury may consider this fact in concluding credibility, it may not argue factual details of the convictions. If the defense discusses the nature of those convictions or why the jury should not consider them, then the defense opens the door for the government to inquire in detail.

**5.      Preclusion of April 23, 2013 shooting incident and of Perez's status as parolee status at time of arrest**

Perez seeks to exclude evidence as to the April 23, 2013 shooting of Perez's son Manuel and as to Perez's status as a parolee-at-large subject to arrest at the time of his arrest under Fed. R. Evid. 404(b) and 403. The government states that it does not intend to introduce details of the shooting during its case in chief.

This motion in limine is DENIED in part with limitation and GRANTED in part without prejudice as follows. The motion is denied to the extent that the government may elicit limited testimony during its case in chief from officers about their investigation for the purpose of providing context for why they made contact with Perez. The motion is granted without prejudice pending the defense case. Should the defense elicit factual details, it may well open the door for prosecutorial inquiry.

**6.      Preclusion of testimony by Perez's son, Perez's ex-wife, and written reports**

Perez seeks to exclude out-of-court hearsay statements by Manuel about the April 23, 2013 shooting and double hearsay by Soliz as to what Manuel told her  about the April 23, 2013 shooting as

4

well as the introduction of hearsay statements produced through written reports about the shooting.  As discussed above, the government states that it does not intend to introduce details of the shooting during its case-in-chief.  The government also states that that it does not intend to offer inadmissible hearsay Soliz obtained from Manuel.

Therefore, based on the government's representations in its opposition to Perez's motions in limine, this motion in limine is GRANTED without prejudice as to the government's case in chief.  Whether the defense opens the door through cross-examination or during their own case, this will determine if the door on the subject remains shut.

**7.    Production of law enforcement personnel files**

Perez seeks production of personnel files for any testifying federal, state, or local law enforcement officer and an *in camera* review of these materials by the Court for impeachment material under *U.S. v. Henthorne*, 931 F.2d 29 (9th Cir. 1999),  *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150, 154 (1972).  The government states that it has complied with its ongoing obligations to disclose any *Brady*/*Giglio* material and that it will continue to do so with regard to any such material in its custody, knowledge, or control.

This motion in limine is DENIED.  The Fresno Police Department conducted the bulk of the investigation, and Fresno police officers may be called to testify.  Because the personnel files of Fresno police officers are not within the control of the federal government, the government is under no obligation to turn them over.  *United States v. Dominguez-Villa*, 954 F.2d 562, 566 (9th Cir. 1992) (citing *United States v. Aichele*, 941 F.2d 761, 764 (9th Cir. 1991)).  *See also*, *United States v. Chavez–Vernaza*, 844 F.2d 1368, 1375 (9th Cir. 1987) ("[T]he federal government had no duty to obtain from state officials documents of which it was aware but over which it had no actual control").  Moreover, a district court "exceed[s] its authority by requiring review of personnel files of state law enforcement witnesses."  *Dominguez-Villa*, 954 F.2d at 565-566.

**8.    Exclusion of any government witness whose criminal conduct has not been disclosed by the government**

Perez seeks to exclude the testimony of any government witness whose criminal conduct has not been disclosed as of the date of the hearing on the instant motions in limine.  The government

5

states that it has disclosed and will continue to disclose any such information in its possession and will continue to provide any such information for government witnesses prior to the commencement of trial, as the parties agreed.

This motion in limine is DENIED without prejudice for lack of factual specificity. The defense makes no statements and points to no evidence to show that the government has failed to disclose the criminal conduct of any government witness or that evidence of such conduct exists.

**9.    Production of prior statements of government witnesses**

Perez requests the production of prior statements of government witnesses "as soon as practicable" or "no later than trial." (Doc. 24 p. 10). The government states that the prior statements of its witnesses, to the extent they have not already been produced, will be produced to the defense by no later than the time when the witness is subject to cross-examination in accordance with the Jencks Act, 18 U.S.C. § 3500(a). The government further states that, in consideration of the concern that a party receiving Jencks Act statements after a witness testified may require a recess to prepare for cross-examination, the government will endeavor to produce all Jencks Act witness statements in advance of trial to keep delays to a minimum.

In light of the government's good faith offer for an efficient turnover to avoid breaks in the trial, this motion in limine is DENIED as it is deemed moot.

10.    **Exclusion of any statement by Perez that the government has not disclosed**

Perez seeks to exclude any statements allegedly made by Perez that were not provided in discovery pursuant to Fed. R. Crim. P. 16(a)(1)(A). The government states that it has complied with Rule 16(a)(1)(A) and (B) to date, and that it will continue to comply should additional discovery come into the government's possession either prior to or during the trial.

This motion in limine is DENIED for lack of factual specificity. Perez provides no guidance as to what statements he allegedly made that the government has failed to disclose and gives no indication that the government has not complied with Rule 16(a)(1)(A) at any point.

**CONCLUSION AND ORDER**

For the reasons discussed above, the Court

1.    DENIES Defendant Juan Manuel Perez's first, seventh, ninth, and tenth motions in limine;

1    2.    DENIES WITHOUT PREJUDICE Perez's third and eighth motions in limine;

2    3.    GRANTS WITH LIMITATIONS Perez's second motion in limine;

3    4.    GRANTS WITHOUT PREJUDICE Perez's sixth motion in limine; and

4    5.    GRANTS IN PART and DENIES IN PART Perez's fourth and fifth motions in limine.

5    IT IS SO ORDERED.

6    Dated:   __July 9, 2014__                    ___/s/ Lawrence J. O'Neill___

7                                                  UNITED STATES DISTRICT JUDGE

7